UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

**IRINA CAUDILL**                                                                                           **PLAINTIFF**

**v.**                                                                          **CIVIL ACTION NO. 4:25-CV-144-JHM**

**SUSIE MORE,** *et al.*                                                                              **DEFENDANTS**

## MEMORANDUM OPINION

This matter is before the Court on an initial review of Plaintiff Irina Caudill's *pro se* civil complaint pursuant to 28 U.S.C. § 1915(e).

## I.

Plaintiff filed this *pro se* civil action under 42 U.S.C. § 1983 arising out of the handling of her state court divorce proceeding. *See Caudill v. Caudill*, 18-CI-852 (Henderson Circuit Court). [DN 1, DN 5]. Plaintiff names as Defendants her former attorneys, Susie More, Cheryl Spalding, Evan Taylor, and Zack Womack; the presiding judge, Sheila Farris; Plaintiff's ex-husband, Donald D. Caudill III; and his attorneys, Gary Gibbs and William Norment. [DN 1]. Plaintiff represents that these Defendants engaged in a "deliberate and coordinated civil conspiracy" to deprive her of due process, property rights, and protection under the law through a pattern of "fraudulent billing, collusion, obstruction of justice, and abuse of power." [DN 1-1]. Plaintiff contends that each attorney engaged in deceptive billing practices, including falsified hours, fabricated meetings, duplicate charges, and invoices for services never performed. Plaintiff alleges that her attorneys were aware that her husband and his counsel had presented false information, altered documents, and engaged in perjury, but they did not report it to the Court. Plaintiff maintains that this conduct constituted fraud upon the Court.

Plaintiff asserts that her attorneys also colluded with opposing counsel, Defendants Gibbs and Norment, and the state court judge presiding over her divorce, Judge Farris, to ensure that Plaintiff's divorce remained under the jurisdiction of Henderson Circuit Court, instead of Daviess Circuit Court, despite knowing "it was outside her territorial jurisdiction." Plaintiff further asserts that Judge Farris covered up evidence of Plaintiff's husband's stalking, ignored her emergency filings, and knowingly allowed falsified valuations and documents to be admitted in the divorce proceeding. Plaintiff alleges that Defendants' conduct was a "deliberate, calculated criminal conspiracy."

In addition to the above allegations, Plaintiff specifically articulates three counts: Count 1–Early Business Valuation and Attorney Misconduct (2018-2019), Count 2–False Court Motions and Failure to Defend (June 2019), and Count 3–Wrongful Arrest and Jail Mistreatment (October 9, 2019). [DN 1].

Plaintiff also sues Daviess County Sheriff Deputy Harper for wrongful arrest and jail mistreatment that occurred October 9 and 10, 2019. [*Id.*].

As relief, Plaintiff seeks damages and a full investigation by the United States Department of Justice and the Federal Bureau of Investigation.

## II.

Because Plaintiff is proceeding *in forma pauperis*, the Court must review the complaint under 28 U.S.C. § 1915(e). *McGore v. Wrigglesworth*, 114 F.3d 601, 608–09 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). On review, a district court must dismiss a case at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Although courts are to hold *pro se* pleadings "to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519 (1972), this duty to be less stringent "does not require [the Court] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require courts "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

### III.

#### A. Section 1983 Claims

Section 1983 creates no substantive rights but merely provides remedies for deprivations of rights established elsewhere. *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

##### 1. Defendant Judge Farris

###### a. *Official-Capacity Claim for Damages*

"Official-capacity suits . . . 'generally represent [ ] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978)). Defendant Farris is a state employee. Claims brought against state employees in their official capacities are no different from a suit against the Commonwealth of Kentucky. *See Graham*, 473 U.S. at 166. State officials sued in their official capacities for monetary damages are not "persons" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Thus, in as much as Plaintiff seeks damages from a state employee in her official capacity, Plaintiff fails to allege cognizable claims under § 1983. *See id.* Further, the Eleventh Amendment acts as a bar to claims for damages against a state employee sued in her official capacities. *Graham*, 473 U.S. at 169.

Therefore, Plaintiff's official-capacity claim against Defendant Farris for monetary damages must be dismissed for failure to state a claim upon which relief may be granted and for seeking monetary relief from a Defendant immune from such relief.

### b. *Individual-Capacity Claim against Defendant Farris*

Plaintiff's individual-capacity claim against Defendant Farris is subject to dismissal as well because a judge is entitled to absolute immunity from suits for money damages for all actions taken in their judicial capacity. *Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994) (citing *Mireles v. Waco*, 502 U.S. 9 (1991) (per curiam)). Judicial immunity is embedded in the long-established principle that "a judicial officer, in exercising the authority vested in him, [should] be free to act upon his own convictions, without apprehension of personal consequences to himself." *Stump v. Sparkman*, 435 U.S. 349, 355 (1978) (quoting *Bradley v. Fisher*, 80 U.S. 335 (1871)). Thus, because Plaintiff's complaint pertains only to actions or inactions taken by Defendant Farris in her judicial capacity, Plaintiff's individual-capacity claim against her is barred by judicial immunity.

### 2. Attorneys

Regarding Plaintiff's claims against Defendants More, Spalding, Taylor, Womack, Norment, and Gibbs, "it is firmly established that [an] attorney . . . is not a state actor for purposes of § 1983." *Webb v. Ky. Dep't of Pub. Advoc.*, No. 5:17-CV-P81-TBR, 2017 WL 3441082, at *2 (W.D. Ky. Aug. 9, 2017) (citing *Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981)); *Otworth v. Vanderploeg*, 61 F. App'x 163, 165 (6th Cir. 2003) ("[A] lawyer representing a client is not, by virtue of being an officer of the court, a state actor under color of state law within the meaning of § 1983."). Thus, Plaintiff's claims against Defendants More, Spalding, Taylor, Womack, Norment, and Gibbs must be dismissed for failure to state a claim upon which relief may be granted.

### 3. Defendant Caudill

Defendant Caudill, Plaintiff's ex-husband, is also not a state actor for purposes of § 1983. The law is clear that "[a] plaintiff may not proceed under § 1983 against a private party 'no matter how discriminatory or wrongful' the party's conduct." *Tahfs v. Proctor*, 316 F.3d 584, 590 (6th Cir. 2003) (quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999)). Therefore, Plaintiff's § 1983 claims against Defendant Caudill must be dismissed for failure to state a claim upon which relief may be granted.

### 4. Civil Conspiracy Claim

Throughout Plaintiff's complaint, she alleges that these private parties—Defendants More, Spalding, Taylor, Womack, Norment, Gibbs, and Caudill—engaged in a civil conspiracy with Defendant Judge Farris. [DN 1; DN 1-1].

"'A plaintiff may [ ] allege that a private party has engaged in a conspiracy or concerted action with other state actors.'" *Harmon v. Goodwin*, No. 3:24-CV-00047-GNS, 2025 WL 450363, at *3 (W.D. Ky. Feb. 10, 2025) (quoting *Weser v. Goodson*, 965 F.3d 507, 516 (6th Cir. 2020)). "'Under such circumstances, '[p]rivate persons may be held liable under § 1983 if they willfully participate in joint action with state agents.'" *Id.*

A civil conspiracy under § 1983 is "an agreement between two or more persons to injure another by unlawful action." *Hensley v. Gassman*, 693 F.3d 681, 695 (6th Cir. 2012) (quoting *Hooks v. Hooks*, 771 F.2d 935, 943–44 (6th Cir. 1985)). The plaintiff must show the existence of a single plan, that the alleged coconspirator shared in the general conspiratorial objective to deprive the plaintiff of a federal right, and that an overt action committed in furtherance of the conspiracy caused an injury to the plaintiff. *Id.*; *Bazzi v. City of Dearborn*, 658 F.3d 598, 602 (6th Cir. 2011). Moreover, a plaintiff must plead a conspiracy with particularity, as vague and conclusory

allegations unsupported by material facts are insufficient. *Twombly*, 550 U.S. at 565 (recognizing that allegations of conspiracy must be supported by allegations of fact that support a "plausible suggestion of conspiracy," not merely a "possible" one); *Fieger v. Cox*, 524 F.3d 770, 776 (6th Cir. 2008); *Spadafore v. Gardner*, 330 F.3d 849, 854 (6th Cir. 2003); *Gutierrez v. Lynch*, 826 F.2d 1534, 1538 (6th Cir. 1987).

The Court finds that Plaintiff's allegations suggesting a conspiracy between Defendants and Judge Farris are vague, conclusory, and unsupported by material facts. She alleges no facts that indicate the existence of a plan, much less that any Defendant shared a conspiratorial objective. The only evidence of conspiracy with a state actor is the participation of all the parties in the divorce proceeding, and the alleged conspiratorial activities of which Plaintiff complains are adverse rulings by Judge Farris in the divorce action. "'[M]erely resorting to the courts and being on the winning side of a lawsuit does not make a party a co-conspirator or a joint actor with the judge.'" *Harmon*, 2025 WL 450363, at *4 (quoting *Dennis v. Sparks*, 449 U.S. 24, 28 (1980)).

Accordingly, because Plaintiff does not allege any facts to show an agreement among Defendants, Plaintiff fails to state a plausible § 1983 civil conspiracy claim, and the claim must be dismissed for failure to state a claim upon which relief may be granted

### 5. Defendant Deputy Harper

Plaintiff's claims against Defendant Harper are time-barred. Because § 1983 does not provide a statute of limitations, federal courts borrow the forum state's statute of limitations for personal injury actions. *Wilson v. Garcia*, 471 U.S. 261, 275–80 (1985). In Kentucky, § 1983 actions are limited by the one-year statute of limitations found in Ky. Rev. Stat. § 413.140(1)(a). *Collard v. Ky. Bd. of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990).

"Though the applicable statute of limitations is determined by state law, the date on which the statute of limitations begins to run is determined by federal law." *Crowe v. Albert*, No. 1:22-CV-70-BJB, 2022 WL 17363959, at *2 (W.D. Ky. Dec. 1, 2022) (citing *Eidson v. Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 635 (2007)). "The statute of limitations begins to run when the plaintiff knows, or has reason to know, that he or she has suffered an injury." *Dudley v. Streeval*, No. 20-5291, 2021 WL 1054390, at *5 (6th Cir. Feb. 8, 2021); *see also Snyder-Hill v. Ohio State Univ.*, 48 F.4th 686, 701 (6th Cir. 2022); *Beaver St. Invs., LLC v. Summit Cnty., Ohio*, 65 F.4th 822, 826 (6th Cir. 2023). Though the statute of limitations is an affirmative defense, a court may raise the issue *sua sponte* if the defense is obvious from the face of the complaint. *Fields v. Campbell*, 39 F. App'x 221, 223 (6th Cir. 2002) (citing *Haskell v. Washington Twp.*, 864 F.2d 1266, 1273 (6th Cir. 1988)).

From the allegations in the complaint, Plaintiff knew of the alleged false arrest and alleged deliberate indifference to her medical needs no later than October 10, 2019. Plaintiff entered a plea to the charge on June 19, 2020, and the diversion was complete on June 15, 2021. *See Commonwealth v. Caudill*, 19-M-02760 (Daviess District Court). Accordingly, Plaintiff had until October 10, 2020, to file a complaint regarding the alleged deliberate indifference to her medical needs and June 15, 2022, to file a complaint regarding the alleged false arrest. Yet, she waited until 2025 to do so. As such, her constitutional claims against Defendant Harper are time-barred and must be dismissed for failure to state a claim upon which relief may be granted. *See, e.g., Cataldo v. U.S. Steel Corp.*, 676 F.3d 542, 547 (6th Cir. 2012) (citing *Jones*, 549 U.S. at 215) ("If the allegations . . . show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim[.]").[1]

---

[1] It is likely that Plaintiff's other § 1983 claims are time-barred as well. However, because the Court addressed

### B. 18 U.S.C. §§ 241 and 242

In as much as Plaintiff seeks to hold Defendants liable under federal criminal statutes, 18 U.S.C. §§ 241 and 242, [*see* DN 1-4] and mandate a federal investigation, courts "have consistently held that neither 18 U.S.C. § 241 nor 242 creates a private cause of action." *Johnson v. Kentucky*, No. 4:21-CV-44-JHM, 2021 WL 2908113, at *3 (W.D. Ky. July 9, 2021); *United States v. Oguaju*, 76 F. App'x 579, 581 (6th Cir. 2003); *Lillacalenia v. Life Storage Inc.*, No. 3:24-CV-162-RGJ, 2024 WL 1942139, at *2 (W.D. Ky. May 2, 2024). Consequently, Plaintiff's claims based on these statutes will be dismissed for failure to state a claim.

### C. Legal Malpractice

In as much as Plaintiff attempts to bring a state law claim for legal malpractice against her previous attorneys, such claims are barred by the applicable one-year statute of limitations. *EQT Prod. Co. v. Vorys, Sater, Seymour & Pease, LLP*, No. CV 15-146-DLB-EBA, 2018 WL 1996797, at *7 (E.D. Ky. Apr. 27, 2018), *aff'd sub nom. EQT Prod. Co. v. Phillips*, 767 F. App'x 626 (6th Cir. 2019); Ky. Rev. Stat. Ann. § 413.245. The Henderson Circuit Court issued a Judgment of Dissolution of Marriage on November 13, 2020, in the state court divorce action. *See Caudill v. Caudill*, 18-CI-852 (Henderson Circuit Court). [DN 1-4]. Plaintiff's claims accrued no later than this date. As such, Plaintiff's legal malpractice claims will be dismissed for failure to state a claim.

### IV.

For these reasons, the Court will dismiss the action by separate Order.

Date: March 11, 2026

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
4414.014

---

different reasons for their dismissal, the Court chose not to address whether the statute of limitations had expired on those claims.